IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL MAHAFFEY,    #186794, ) | Civil Action No. 3:07-1520-SB-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SIMON MAJOR, JR., AND ) | |
| OFFICER PLEASANT, ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on May 31, 2007.[1] At the time of the alleged incidents, he was a pretrial detainee at the Sumter-Lee Regional Detention Center ("SLRDC"). He is currently incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendants are SLRDC Director Simon Major, Jr. ("Major") and SLRDC correctional officer Yolanda Pleasant ("Pleasant"). On September 14, 2007, Defendants filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on September 18, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on October 4, 2007.

DISCUSSION

Plaintiff alleges that on May 24, 2007 at 7:30 a.m., Officer Pleasant told detainees at the SLRDC that they were confined to their rooms until 6:30 p.m. because they were too loud. Plaintiff claims that it was not very noisy in the dorm at that time, only five or six people were out of their

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this Report and Recommendation is entered for review by the court.

rooms at that time, and those detainees who were out of their rooms were cleaning the dorm. He alleges that at around 8:30 a.m. Officer Addison refused to give him a grievance form, so he wrote up an "old style" grievance for Defendant Major and slipped it under the door. Plaintiff states that he told Sergeant Adames that detainees were being punished for no reason and that he was not provided with a grievance form. Sgt. Adames told Plaintiff that he would check into it and later told Plaintiff that Officer Pleasant did not tell the detainees they were on lockdown. Plaintiff alleges that Officer Pleasant's actions constitute harassment and she constantly yelled at detainees and talked to them in a degrading manner. Additionally, Plaintiff claims that Defendant Major's "disconcern [sic] with his employee's actions... allowed [Plaintiff's] rights to once again be violated by his subordinates." Plaintiff requests $150,000 and "the dismissal of Officer Pleasant and the resignation of Mr. Simon Major, Jr. as Director SLRDC." Complaint at 6.[2]

Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff failed to exhaust his administrative remedies;[3] (2) Plaintiff is unable to state a claim under the Fourteenth Amendment, as he was not punished by the Defendants; (3) Plaintiff has failed to establish any personal involvement on the part of Defendant Major or any theory of liability upon which Major could be responsible for any of Plaintiff's alleged deprivations;[4] (4) Defendants are

---

[2]This federal court cannot fire Defendants or force their resignations. See Maxton v. Johnson, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), citing United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.), cert. denied sub nomine, Clippinger v. United States, 364 U.S. 818 (1960).

[3]The undersigned has addressed Plaintiff's claims on the merits. Plaintiff claims that he was not able to exhaust his administrative remedies because Officer Pleasant refused to give him a grievance form, blocking him from his only administrative remedy.

[4]Contrary to Defendants' argument, Plaintiff appears to have alleged that he wrote a grievance to Defendant Major about Defendant Pleasant's actions and Major failed to do anything
(continued...)

2

entitled to qualified immunity; (5) Plaintiff is unable to state a constitutional claim based on the grievance procedure at the SLRDC; and (6) this action should be dismissed under 28 U.S.C. § 1915(E) and §1915A and count as a strike.

1.     Fourteenth Amendment/Punishment

Plaintiff alleges that on May 24, 2007, Defendant Pleasant placed the entire dorm on lockdown for no reason. Defendants contend that Plaintiff fails to state a claim under the Fourteenth Amendment as he was not punished by Defendants.

Allegations of deprivations of pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

(Citations omitted). However, the due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984); Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520

---

[4](...continued)
about it.

(1979). Thus, it must be determined whether the conditions and/or treatment received by a plaintiff amounted to punishment. Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538.

Daryl McGhaney, the Assistant Director of the SLRDC, states that excessive noise can be a threat to the safety and security of the detention center, as it can be distracting to both detainees and correctional officers, which can lead to security breaches going unnoticed. He states that if the officer overseeing the dorm determines the dorm is excessively noisy, that officer is justified according to SLRDC policy and procedures in locking down the dorm. See McGhaney Aff., Paras. 10 and 11. Pleasant states that she would not arbitrarily lockdown a dorm at the SLRDC. She also states that it is imperative that all detainees be able to hear an officer's commands, which is another reason detainees need to limit noise in dorms. Pleasant Aff., Paras. 9 and 11.

Here, the restrictions imposed on Plaintiff, confining the detainees to their cells for several hours, are rationally connected to a legitimate, non-punitive purpose of maintaining security at the SLRDC by not having excessive noise. In his opposition memorandum, Plaintiff alleges that Defendants' actions punished him because he was not able to use the telephone, dayroom, recreation yard, shower, or socialize with other detainees. Plaintiff has not provided any details of these deprivations. Further, Plaintiff has not claimed allege any injury from the alleged living conditions. A de minimis injury does not violate the Fourteenth Amendment. See Ingraham v. Wright, 430 U.S. at 674 ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned.").

    2.    Harassment

4

Plaintiff alleges that Defendant Pleasant harasses and degrades detainees. Defendants contend that they should be granted summary judgment as to this claim because Plaintiff has provided no specific evidence of this, Pleasant disputes these claims, and Pleasant asserts that she treats all detainees professionally. See Pleasant Aff., Paras. 12-13.

Plaintiff fails to show that any verbal harassment by Defendant Pleasant violated his constitutional rights. Verbal abuse of inmates by guards, without more, fails to state a claim under § 1983. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(disrespectful and assaultive comments did not violate Eighth Amendment); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(verbal threats and name calling are usually not actionable under § 1983); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)(sheriff's idle threat to hang a prisoner did not give rise to a § 1983 claim); Lamb v. Hutto, 467 F. Supp. 562 (E.D.Va. 1979)(verbal assaults and threats do not state a constitutional claim actionable under § 1983). Although Plaintiff appears to allege that Defendant Pleasant made unprofessional comments, he fails to show that her conduct rises to the level of a constitutional violation. See Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987); Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir. 1999). Additionally, defamatory statements alone do not state a cognizable claim under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976).

3. Grievances

Plaintiff claims that Defendant Pleasant refused to give him a grievance form. He also appears to allege that he sent an "old style" grievance to Major, but he failed to respond to it. Defendants contend that Plaintiff's grievances have been properly processed and Plaintiff cannot state a constitutional claim because he possesses no constitutional right to a grievance system.

McGhaney states that each properly filed grievance received from Plaintiff has been

processed and answered. See McGhaney Aff., Para. 7. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SLRDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994). Further, allegations that SLRDC Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

    4.    <u>Qualified Immunity</u>

Defendants also contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly

6

> established] right applies to the actions of the official must also be apparent."
> As such, if there is a "legitimate question" as to whether an official's conduct
> constitutes a constitutional violation, the official is entitled to qualified
> immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 24) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

January 31, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).